## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALAAIKA LACARIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHFIRST, INC.,<br><br>Defendant. | Civil Action No.: |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Malaaika Lacario ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against Healthfirst, Inc. ("Defendant") and in support states the following:

**Nature of This Lawsuit**

1. Defendant is a health insurance company with more than 1.2 million members in downstate New York.[1]

2. Defendant employed Plaintiff and other individuals under various job titles, including numerous variations of "Assessment Nurse," "Care Manager," and "Case Manager,"[2] to perform Care Management Work (as defined below) ("Care Management Employees").

---

[1] www.healthfirst.org/about (last visited May 15, 2019).

[2] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. See Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in **thirty-six job titles containing the terms "Care Coordinator" or "Care Manager"** and granting conditional certification to managed care workers paid a salary that were employed under a job title containing the terms "Care Coordinator" or "Care Manager"). Consistent with this practice, Defendant employed individuals under a host of similar job titles, including, without limitation, "Care Manager," "Care Manager – Complete Care," "LTSS Care Manager," "Care Manager – LTSS," "Care Manager – Onsite at Hospital," "Nurse Care Manager (RN)," "Care

1

3. Defendant paid Care Management Employees a salary.

4. Defendant's Care Management Employees regularly worked over 40 hours per workweek.

5. Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

6. Defendant's Care Management Employees' primary duties included asking members standardized questions to gather information regarding their medical circumstances ("Data Collection"); inputting answers to those questions into Defendant's computer system ("Data Input"); using established guidelines designed to maximize utilization of health plan resources through the application of predetermined criteria ("Care Utilization"); coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from members ("Care Coordination"); supplying members with additional information and resources relating to their health plans ("Plan Education"); and other similar work (collectively, "Care Management Work").

7. The Care Management Work performed by Defendant's Care management Employees was non-exempt work.

---

Manager, Nurse (RN)," "Primary Care Manager – SHP," "Care Manager, Bilingual RN Spanish," "Care Manager, HARP – RN or SW," "Care Manager – Field," "Field Care Manager," "Case Manager," "RN Case Manager, Utilization Management," "RN Case Manager, Utilization (Telecommuter)," "Case Manager, UM Behavioral Health – Field," "Case Manager, Utilization Management, HARP – RN or SW," "Case Manager, Utilization Management," "Assessment Nurse," "Assessment Nurse (RN)," "Assessment Registered Nurse (RN)," Assessment Nurse (NYS RN)," and "Assessment Registered Nurse. Employees that held these and other similar job titles and performed Care Management Work are included in the definition of "Care Management Employees."

8. Because Defendant's Care Management Employees primarily performed non-exempt work, Defendant violated federal and New York state law by failing to pay them overtime when they worked over 40 hours in individual workweeks.

*9.* Plaintiff brings this action on behalf of herself and similarly situated Care Management Employees who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for hours worked over forty (40) in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

10. Plaintiff also brings class action claims under New York state law pursuant to the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, the "NYLL").

11. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Care Management Employees for all earned overtime.

**The Parties**

12. Plaintiff is an individual who resides in New York.

13. Defendant is a New York corporation.

14. Defendant's principal place of business is in this Judicial District.

**Jurisdiction and Venue**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

16.     This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

17.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

18.     Plaintiff worked as a Care Management Employee for Defendant in New York from approximately September 2015 to April 2018.

19.     During her employment with Defendant, Plaintiff primarily performed Care Management Work.

20.     During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

21.     During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting, providing bedside nursing, or providing direct medical care or professional counseling to individuals.

22.     Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

23.     Plaintiff worked over 40 hours in one or more individual workweeks for Defendant during the last three (3) years.

24.     Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NYLL.

25.     Defendant paid Plaintiff a salary.

26. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

27. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

28. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

29. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

30. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

31. During her employment, Plaintiff was an "employee" of Defendant as defined by the NYLL § 196.1(b).

32. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

33. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the NYLL in § 2(6).

**Collective Action Allegations**

34. Plaintiff brings her FLSA claims as a collective action.

35. Plaintiff's consent form to participate in the collective action is attached to this Complaint as Exhibit A.

36. The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees over the last three years who were paid a salary, worked over 40 hours in one or more

5

individual workweeks, were classified as exempt, and file consent forms to participate in this lawsuit ("Collective Action Members").

37. Plaintiff is similarly situated to the Collective Action Members because Plaintiff and the Collective Action Members were paid in the same manner and performed the same primary job duties.

38. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

39. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

40. Of employees Defendant classified as exempt and who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

41. Defendant maintained one or more common job descriptions for Care Management Employees.

42. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

43. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

44. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

45. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

46. Plaintiff brings her NYLL claims as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. The NYLL Class is defined as follows:

All individuals employed by Defendant as Care Management Employees in New York over the last six years who were paid a salary, were classified as exempt, and worked over 40 hours in one or more individual workweeks ("the NYLL Class").

48. The NYLL Class has more than 40 members.

49. As a result, the NYLL Class is so numerous that joinder of all members is not practical.

50. There are questions of law or fact common to the NYLL Class, including: (1) whether members of the NYLL Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay overtime to members of the NYLL Class; and (3) the proper measure of damages if Defendant misclassified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

51. Plaintiff's overtime claims are typical of those of the NYLL Class because they arise out of Defendant's uniform compensation practices.

52. Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the NYLL Class because they are grounded in the same compensation practices.

53. Plaintiff can fairly and adequately protect the interests of the NYLL Class because she is asserting the same claims as the NYLL Class.

54. Plaintiff can fairly and adequately protect the interests of the NYLL Class because she has no interests adverse to the NYLL Class.

55. Plaintiff can fairly and adequately protect the interests of the NYLL Class because she has retained counsel experienced in class action employment litigation.

56. The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the NYLL Class, if any.

57. Plaintiff and the members of the NYLL Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

58. If individual actions were required to be brought by each member of the NYLL Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

59. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the NYLL Class is entitled.

60. The books and records of Defendant are material to the NYLL Class's claims because they disclose the hours worked by each member of the NYLL Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
### (Collective Action)

61. Plaintiff incorporates here the previous allegations of this Complaint.

62. This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and Collective Action Members when they worked over 40 hours in individual workweeks.

63. Plaintiff was not exempt from the overtime provisions of the FLSA.

64. Collective Action Members were not exempt from the overtime provisions of the FLSA.

65. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

66. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

67. Defendant paid Plaintiff a salary and no overtime compensation.

68. Defendant paid other Collective Action Members a salary and no overtime compensation.

69. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

70. Defendant violated the FLSA by failing to pay overtime compensation to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

71. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rates of pay for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as this Court deems appropriate.

## COUNT II
### Violation of the New York Labor Laws
### (Class Action)

72. Plaintiff incorporates here the previous allegations of this Complaint.

73. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff and the NYLL Class when they worked over 40 hours in individual workweeks.

74. Defendant classified Plaintiff as exempt from the overtime provisions of the NYLL.

75. Defendant classified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

76. Plaintiff was not exempt from the overtime provisions of the NYLL.

77. Members of the NYLL Class were not exempt from the overtime provisions of the NYLL.

78. Plaintiff was regularly directed by Defendant to work, and did work, over 40 hours in individual workweeks.

79. Members of the NYLL Class were regularly directed by Defendant to work, and did work, over 40 hours in individual workweeks.

80. Defendant violated the NYLL by failing to pay Plaintiff and members of the NYLL Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the NYLL Class, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the NYLL Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Respectfully submitted,

Date: May 21, 2019
Princeton, New Jersey

*/s/ Ravi Sattiraju*
Ravi Sattiraju, Esq.
(S.D.N.Y. No.: RS3273)
**THE SATTIRAJU LAW FIRM, P.C.**
116 Village Blvd., Suite 200
Princeton, NJ 08540
Telephone: (609) 799-1266
Facsimile: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com

DOUGLAS M. WERMAN*
dwerman@flsalaw.com
MAUREEN A. SALAS*
msalas@flsalaw.com
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff and others similarly situated**