## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MALAAIKA LACARIO, on behalf of herself
and all others similarly situated,

      Plaintiff,

      v.

HF MANAGEMENT SERVICES, LLC d/b/a/
HEALTHFIRST,

      Defendant.

Civil Action No. 19-cv-4671 (JMF)

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Malaaika Lacario ("Plaintiff") files this First Amended Class and Collective Action
Complaint ("Complaint") against HF Management Services, LLC d/b/a Healthfirst
("Defendant") and in support states the following:

### Nature of This Lawsuit

1.    Defendant is a health insurance company with more than 1.2 million
members in downstate New York.[1]

2.    Defendant employed Plaintiff and other individuals under various job titles,
including variations of "Assessment Nurse," "Care Manager," and "Case Manager,"[2] to
perform Care Management Work (as defined below) ("Care Management Employees").

---

[1] www.healthfirst.org/about (last visited May 15, 2019).

[2] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. See Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager" and granting conditional certification to managed care workers paid a salary that were employed under a job title containing the terms "Care Coordinator" or "Care Manager"). Consistent with this practice, Defendant employed individuals under a host of similar job titles, including, without limitation, "Care Manager," "Care Manager – Complete Care," "LTSS Care

3.      Defendant paid Care Management Employees a salary.

4.      Defendant's Care Management Employees regularly worked over 40 hours per workweek.

5.      Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

6.      Defendant's Care Management Employees primarily performed non-exempt work.

7.      Defendant's Care Management Employees ask members standardized questions to document their medical circumstances ("data collection"); input answers to those questions into Defendant's computer system ("data input"); follow established guidelines designed to allocate health plan resources through the application of predetermined criteria ("care utilization"); coordinate care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from members ("care coordination"); supply members with additional information and resources to allow them to educate themselves about their health plans ("plan education"); and other similar work (collectively, "Care Management Work").

---

Manager," "Care Manager – LTSS," "Care Manager – Onsite at Hospital," "Nurse Care Manager (RN)," "Care Manager, Nurse (RN)," "Primary Care Manager – SHP," "Care Manager, Bilingual RN Spanish," "Care Manager, HARP – RN or SW," "Care Manager – Field," "Field Care Manager," "Case Manager," "RN Case Manager, Utilization Management," "RN Case Manager, Utilization (Telecommuter)," "Case Manager, UM Behavioral Health – Field," "Case Manager, Utilization Management, HARP – RN or SW," "Case Manager, Utilization Management," "Assessment Nurse," "Assessment Nurse (RN)," "Assessment Registered Nurse (RN)," Assessment Nurse (NYS RN)," and "Assessment Registered Nurse. Employees that held these and other similar job titles and performed Care Management Work are included in the definition of "Care Management Employees."

8.    Because Defendant's Care Management Employees primarily performed non-exempt work, Defendant violated federal and New York state law by failing to pay them overtime when they worked over 40 hours in individual workweeks.

9.    Plaintiff brings this action on behalf of herself and similarly situated Care Management Employees who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for hours worked over forty (40) in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

10.    Plaintiff also brings class action claims under New York state law pursuant to the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, the "NYLL").

11.    Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Care Management Employees for all their earned overtime wages.

**The Parties**

12.    Plaintiff is an individual who resides in New York.

13.    Defendant is a New York corporation.

14.    Defendant's principal place of business is in this Judicial District.

**Jurisdiction and Venue**

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

16.     This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

17.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

18.     Plaintiff worked as a Care Management Employee for Defendant in New York from approximately September 2015 to April 2018.

19.     During her employment, Plaintiff held the job titles Intake Nurse and Assessment Nurse.

20.     During her employment with Defendant, Plaintiff primarily performed Care Management Work.

21.     During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

22.     During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting, providing bedside nursing, or providing direct medical care or professional counseling to individuals.

23.     Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

24.     Defendant regularly required Plaintiff to visit two or three members per day to perform initial assessments and reassessments, five days per week.

25.     During her employment with Defendant, Plaintiff lived in Brooklyn but she traveled to visit members in her assigned territory in the Bronx. Plaintiff typically began her first appointment of the day at or before 9:00 am Monday through Friday. Plaintiff's last appointment customarily ended around 5:30 pm. If Plaintiff had any time between appointments, she prepared for her next appointments or performed paperwork related to previous appointments. If a member was late to his or her own appointment or if an enrollment specialist was visiting with the member, Plaintiff had to wait to begin her assessment and had to push back her remaining appointments for the day.

26.     Plaintiff did not take breaks for lunch and instead ate while traveling between appointments or performing other work for Defendant.

27.     In addition to traveling to and visiting with members to fill in the assessments, Plaintiff spent time each week, often before and after seeing her first and last appointment of the day, performing work required to complete the assessment process.  For example, in order to ensure visits were completed quickly enough to allow time to travel to the next visit, Plaintiff was required to review the information for each assessment the night before. Plaintiff would also prepare by mapping out her drive to the next day's appointments.

28.     Because her day was spent in appointments, Plaintiff typically completed the required paperwork related to assessments in the evenings, after she got home. After Plaintiff completed and submitted an assessment, it was audited by Defendant and returned to Plaintiff with changes that needed to be made. Because Plaintiff spent her entire day visiting members, she completed these revisions in the evenings.

5

29.     Plaintiff typically spent at least two hours after returning home in the evening, five nights per week, performing paperwork related to assessments and making required changes to that paperwork following a review by Defendant's QualCode program or Defendant's auditor.

30.     On days when Plaintiff had two appointments with members instead of three, she spent additional time during the day completing paperwork and making changes to the paperwork she previously submitted as required by the Defendant's QualCode program or Defendant's auditor.

31.     Plaintiff also completed required paperwork related to member assessments and made changes to the paperwork she previously submitted on Saturdays and Sundays. In addition to her work on weekdays, Plaintiff typically worked an additional six hours over the weekend.

32.     Plaintiff was a full-time employee of Defendant.

33.     Plaintiff worked over 40 hours in one or more individual workweeks for Defendant during the last three (3) years.

34.     For most work weeks during her employment, Plaintiff recalls working at least 58 hours for Defendant.

35.     Specifically, Plaintiff recalls working at least 58 hours the week of December 18 through December 24, 2017.

36.     Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NYLL.

37.     Defendant paid Plaintiff a salary.

38.     When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

39.     For most work weeks during Plaintiff's employment, Defendant did not pay Plaintiff at one and one-half times her regular rate for the hours she worked over forty (40).

40.     For example, during the week of December 18 through December 24, 2017, Plaintiff worked at least 58 hours and Defendant did not pay Plaintiff one and one-half times her regular rate for the hours she worked in excess of forty (40).

41.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

42.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

43.     Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

44.     During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

45.     During her employment, Plaintiff was an "employee" of Defendant as defined by the NYLL § 190.2.

46.     During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

47.     During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the NYLL in § 190.3.

**Collective Action Allegations**

48.     Plaintiff brings her FLSA claims as a collective action.

49.     Plaintiff's consent form to participate in the collective action was attached to and filed with the Original Complaint.

50.     The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees over the last three years who were paid a salary, worked over 40 hours in one or more individual workweeks, were classified as exempt, and file consent forms to participate in this lawsuit ("Collective Action Members").

51.     Plaintiff is similarly situated to the Collective Action Members because Plaintiff and the Collective Action Members were paid in the same manner and performed the same primary job duties.

52.     In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

53.     Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

54.     Of employees Defendant classified as exempt and who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

55.     Plaintiff was required to attend monthly meetings at Defendant's office. When at Defendant's office, Plaintiff  spoke with other employees about the number of hours they were working.  Other Care Management Employees performed the same job duties as Plaintiff, spent a similar number of hours performing their work, and were not paid overtime when they worked more than forty (40) hours per week for Defendant.

56.     Defendant maintained one or more common job descriptions for Care Management Employees.

57.     Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

58.     Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

59.     Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

60.     Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

61.     Plaintiff brings her NYLL claims as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

62.     The NYLL Class is defined as follows:

All individuals employed by Defendant as Care Management Employees in New York over the last six years who were paid a salary, were classified as exempt, and worked over 40 hours in one or more individual workweeks ("the NYLL Class").

63.     The NYLL Class has more than 40 members.

64.     As a result, the NYLL Class is so numerous that joinder of all members is not practical.

65.     There are questions of law or fact common to the NYLL Class, including: (1) whether members of the NYLL Class primarily performed non-exempt work; (2)

whether Defendant violated the NYLL by refusing to pay overtime to members of the NYLL Class; and (3) the proper measure of damages if Defendant misclassified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

66.     Plaintiff's overtime claims are typical of those of the NYLL Class because they arise out of Defendant's uniform compensation practices.

67.      Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the NYLL Class because they are grounded in the same compensation practices.

68.     Plaintiff can fairly and adequately protect the interests of the NYLL Class because she is asserting the same claims as the NYLL Class.

69.     Plaintiff can fairly and adequately protect the interests of the NYLL Class because she has no interests adverse to the NYLL Class.

70.     Plaintiff can fairly and adequately protect the interests of the NYLL Class because she has retained counsel experienced in class action employment litigation.

71.     The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the NYLL Class, if any.

72.     Plaintiff and the members of the NYLL Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

73.     If individual actions were required to be brought by each member of the NYLL Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

74.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the NYLL Class is entitled.

75.     The books and records of Defendant are material to the NYLL Class's claims because they disclose the hours worked by each member of the NYLL Class and the rate of pay for that work.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

76.     Plaintiff incorporates here the previous allegations of this Complaint.

77.     This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and Collective Action Members when they worked over 40 hours in individual workweeks.

78.     Plaintiff was not exempt from the overtime provisions of the FLSA.

79.     Collective Action Members were not exempt from the overtime provisions of the FLSA.

80.     Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

81.     Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

82.     Defendant paid Plaintiff a salary and no overtime compensation when she worked more than forty (40) hours in one or more individual workweeks.

83.     Defendant paid other Collective Action Members a salary and no overtime compensation when they worked more than forty (40) hours in one or more individual workweeks.

84.     Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

85.     Defendant violated the FLSA by failing to pay overtime compensation to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

86.     Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rates of pay for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A.     All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B.     Pre-judgment and post-judgment interest;

C.     Liquidated damages equal to the unpaid overtime due;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.     Such other relief as this Court deems appropriate.

## COUNT II
### Violation of the New York Labor Laws
### (Class Action)

87.     Plaintiff incorporates here the previous allegations of this Complaint.

88.     This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff and the NYLL Class when they worked over 40 hours in individual workweeks.

89.     Defendant classified Plaintiff as exempt from the overtime provisions of the NYLL.

90.     Defendant classified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

91.     Plaintiff was not exempt from the overtime provisions of the NYLL.

92.     Members of the NYLL Class were not exempt from the overtime provisions of the NYLL.

93.     Plaintiff was regularly directed by Defendant to work, and did work, over 40 hours in individual workweeks.

94.     Members of the NYLL Class were regularly directed by Defendant to work, and did work, over 40 hours in individual workweeks.

95.     Defendant violated the NYLL by failing to pay Plaintiff and members of the NYLL Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the NYLL Class, seeks a judgment against Defendant as follows:

A.      All unpaid overtime wages due to Plaintiff and the NYLL Class;

B.      Pre-judgment and post-judgment interest;

C.      Liquidated damages equal to the unpaid overtime compensation due;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this

lawsuit; and

E.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Travis Hedgpeth*

Travis M. Hedgpeth
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Douglas M. Werman
dwerman@flsalaw.com
Maureen A. Salas
msalas@flsalaw.com
WERMAN SALAS P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Ravi Sattiraju (N.Y. Bar No. 4053344)
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd., Suite 200
Princeton, NJ 08540

14

Telephone: (609) 799-1266
Facsimile: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com

Jack Siegel
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**Attorneys for Plaintiff and others similarly situated**