UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALAAIKA LACARIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HF MANAGEMENT SERVICES, LLC d/b/a HEALTHFIRST, INC.,<br><br>Defendant. | Case No. 19-cv-04671-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

***Of Counsel:***
  Andrew P. Marks
  David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS .............................................................................................................2

ARGUMENT ...................................................................................................................................3

CONCLUSION................................................................................................................................5

Healthfirst Management Services, LLC ("Defendant") submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiffs First Amended Class and Collective Action Complaint ("FAC") for failure to state a claim upon which relief may be granted.

**PRELIMINARY STATEMENT**

This is a putative class and collective action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff Malaaika Lacario alleges that Defendant misclassified her and other "Care Management Employees" (a job title created by Plaintiff's attorneys for purposes of this lawsuit (FAC ¶ 2)), as "exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks" (FAC ¶ 5). Plaintiff commenced this action by filing a Class and Collective Action Complaint on May 21, 2019, but her complaint provided no specificity and asserted, in the most conclusory manner, that she "worked over 40 hours in one or more individual workweeks for Defendant in the last three (3) years." (Compl., ¶ 23). Defendant moved to dismiss that complaint for failure to state a claim because Plaintiff had failed to allege the hours she worked in any workweek, or in what or how many workweeks she claimed to have worked more than 40 hours without overtime pay.

In response to Defendant's motion, Plaintiff has filed her FAC, reiterating that she was paid a salary and misclassified as exempt from overtime requirements, but adding that, as a result of time spent working before and after her regularly scheduled workday as well as during her lunch hour, "for most work weeks during her employment, Plaintiff recalls working at least 58 hours for Defendant." (FAC ¶ 35). The FAC adds that "[s]pecifically, Plaintiff recalls working at least 58 hours the week of December 18 through 24, 2017." (FAC ¶ 36) These allegations might be enough to state a claim; but they are demonstrably untrue and contradicted by the documents that are integral to the FAC and

1

incorporated by reference. The payroll records wherein Plaintiff alleges she was "misclassified as exempt" and/or "paid a salary," in fact show that she was not classified as exempt, was in fact paid overtime when she worked in excess of 40 hours in a pay period, and did in fact work more than 40 hours during the week of December 18 through 24, 2017. Indeed, December 18 through 24, 2017 was not a pay period at Healthfirst (the pay period was December 17 to December 23) and the applicable pay period paid but not worked "early release time" on Friday December 22, the work day preceding the Christmas holiday. Because this documentary evidence refutes the essential elements of Plaintiff's overtime claim, the complaint should be dismissed.

## STATEMENT OF FACTS

The following facts are drawn from the FAC. Healthfirst is a health insurance company with more than 1.2 million members in downstate New York. (FAC ¶ 1) Healthfirst employed Plaintiff from approximately September 2015 to April 2018. (FAC ¶¶ 2, 18) Plaintiff claims that Defendant classified her "as exempt from overtime provisions of the FLSA and NYLL" and "paid Plaintiff a salary" without overtime compensation. (FAC ¶¶ 36-38) Plaintiff alleges that for most work weeks during her employment, she recalls working at least 58 hours for Defendant and "specifically ... recalls working at least 58 hours the week of December 18 through December 24, 2017." (FAC, ¶¶ 34-35) She further alleges that she did not receive "overtime at one-and-one-half times her regular rate of pay" when she allegedly "worked over 40 hours in individual workweeks." (FAC ¶ 26)[1]

---

[1] If the Court holds that the payroll records should not be considered on a motion to dismiss, Defendant requests, pursuant to Federal Rule Civil Procedure 12(d), that its motion be converted to a motion for summary judgment under Rule 56. *See, Timperio v. Bronx-Lebanon Hosp.*, 2019 WL 1877405 at *2 (S.D.N.Y. Apr. 26, 2019)("Federal courts have complete discretion to determine whether to convert a motion to dismiss to one for summary judgment.")(internal citation omitted); *Simpson v. Wells Fargo Bank*, 2016 WL 393544 at *1 (S.D.N.Y. Feb. 1, 2016)("if matters outside the pleadings are submitted with a Rule 12(b)(6) motion, a court may consider those documents and treat the motion as one for summary judgment under Rule 56").

# ARGUMENT

I. **THE COURT SHOULD DISMISS THE FAC BECAUSE THE PAYROLL RECORDS INCORPORATED BY REFERENCE ESTABLISH THAT PLAINTIFF WAS PAID OVERTIME FOR HOURS SHE REPORTED WORKING IN EXCESS OF FORTY IN A WORK WEEK**

A. **The Court May Consider Plaintiff's Payroll Records**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is meant to test the legal sufficiency of the plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 113 (2d Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a motion under Rule 12(b)(6), the court may properly consider "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 192 (2d Cir. 2007) To be incorporated by reference, the pleading 'must make a clear, definite and substantial reference to the documents,' the document must be 'integral,' and the claimant must have 'actual notice of the extraneous information and have relied upon the documents in framing the pleading.'" *Reyes v. Sofia Fabulous Pizza Corp.*, 2014 WL 12768922 (S.D.N.Y. April 7, 2014) (internal citation omitted). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F,3d 119, 122 (2d Cir. 2005)(The court may consider "documents upon which the complaint relies and which are integral to the complaint.") "Federal courts have complete discretion to determine whether or not to accept the submission of any

3

material beyond the pleadings offered in conjunction with a 12(b)(6) motion to dismiss. *Environmental Servs. v. Recycle Green Services,* 7 F.Supp.2d 260, 270 (E.D.N.Y. 2014).

Plaintiff's allegations that she was classified as exempt, paid a salary and worked 58 hours each week, including the week ending December 24, 2017 without being paid overtime 'relies heavily upon the terms and effect of Healthfirst's payroll records thereby rendering those records 'integral' to the complaint." Because those records refute Plaintiff's allegations that she was misclassified and not paid overtime, the complaint does not state a plausible violation of the FLSA or New York Labor law.

## B. Plaintiff Was Overtime Eligible and Was Paid Overtime

Plaintiff alleges that she was hired as a salaried employee exempt from overtime. (FAC ¶¶ 36-38) At the time of her hire, Plaintiff was given her Acknowledgment of Pay Rate as required by New York Labor Law §195.1 A copy of the form given by Defendant and signed by Plaintiff, is annexed as Exhibit A. That form, entitled "Notice for Hourly Rate Employees," lists Plaintiff's rate of pay as $43.27 per hour and includes an overtime pay rate of $64.90 per hour.

Plaintiff alleges that she was not paid overtime compensation. (FAC ¶ 26) Annexed as Exhibit B is Plaintiff's pay statement for the pay period ending December 16, 2017. As shown on that payroll record, Plaintiff was paid in excess of $1,500 for working some 23 hours of overtime during 2017.

Plaintiff alleges that she recalls working at least 58 hours the week of December 18 through December 24, 2017. (FAC, ¶ 35) Annexed as Exhibit C is Plaintiff's pay statement for the pay period ending December 30, 2017. As shown on that payroll record, for the two weeks included in that payroll period, i.e., December 17 to December 23 and December 24 to December 30, Plaintiff worked a total of 59.89999 hours. Annexed as Exhibit D is Plaintiff's time card for the

4

week of December 17 to December 23. That payroll record shows that Plaintiff actually worked only 37.716 hours during that work week (and was given an additional 2.5 hours of paid time off). The payroll record further reflects that Plaintiff entered no time for work before 9:00 a.m., entered no time for work after 5:30 p.m. and took a meal break lasting between 28 minutes and 39 minutes each and every day. (Plaintiff has not alleged that she performed work off-the-clock).

"To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). When that detail is provided, it must be based on the true facts as they occurred, and not a conveniently contrived narrative that happens to fit the statutory requirements. When, as here, professed recollection is refuted by the very records on which that recollection is premised, it cannot be considered plausible and the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.

Dated: July 29, 2019  
       Rye, New York

Respectfully submitted,

/s/ _____  
Andrew P. Marks  
David S. Warner

DORF & NELSON LLP  
555 Theodore Fremd Avenue  
Rye, New York 10580  
(914) 381-7600  
amarks@dorflaw.com  
dwarner@dorflaw.com