IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MALAAIKA LACARIO,** on behalf of herself and all others similarly situated**,** *Plaintiff,* v. **HF MANAGEMENT SERVICES, LLC d/b/a HEALTHFIRST,** *Defendant.* | Civil Action No. 19-cv-4671 (JMF) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**I.      INTRODUCTION**

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint[1] ("Motion") (ECF 31) relies on extrinsic evidence, neither integral to or relied upon in the Complaint, to argue that Plaintiff fails to state a claim. Because the Court may not consider such extrinsic evidence or resolve factual disputes in deciding a Rule 12(b)(6) motion to dismiss, Defendant's Motion must be denied.[2]

**II.     BACKGROUND**

On May 21, 2019, Plaintiff filed this action to collect unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, the "NYLL"). ECF No. 1. On June 18, 2019, Defendant filed a Motion to Dismiss, citing a lack of factual specificity in Plaintiff's Original Complaint. ECF No. 19. In order to avoid unnecessary briefing on that motion, Plaintiff filed a First Amended Class and Collective Action Complaint on July 10, 2019 to address Defendant's concerns. ECF No. 27.

In the FAC, Plaintiff alleges that during her employment with Defendant, she worked more than 40 hours in one or more individual workweeks and was not paid overtime at one and one-half times her regular rate of pay when she worked more than 40 hours per week. FAC ¶¶ 33, 34, 35 ECF 27. Plaintiff describes her typical weekly work schedule and identifies a particular workweek in which she recalls working at least 58 hours for Defendant. *Id.,* ¶¶ 25, 29, 31, 35.

Defendant has now filed a Motion to Dismiss the FAC (the "Motion" or "Motion to Dismiss") (ECF 31). Attached to Defendant's Motion are unauthenticated documents that Defendant

---

[1]     The First Amended Complaint (ECF 27) will be referred to as the "FAC" throughout this Response Brief.

[2]     *Connolly v. Dresdner Bank AG*, No. 08-CIV-5018(SHS), 2009 WL 1138712, at *2 (S.D.N.Y. Apr. 27, 2009) (citing *Roth v. Jennings,* 489 F.3d 499, 509-10 (2d Cir.2007).

claims contradict the FAC's allegations that Plaintiff was paid a salary and worked 58 hours during a specific workweek of her employment. Defendant asks the Court to resolve the factual dispute between Plaintiff's allegations and Defendant's unauthenticated documents in its favor, and dismiss Plaintiff's claims on the merits.

## III. ARGUMENTS

### A. Plaintiff's Amended Complaint Clearly States a Plausible Claim for Relief

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint liberally, 'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'"[4] "A party seeking dismissal of a pleading under Rule 12(b)(6) bears a heavy burden, as the question presented by such a motion is not whether the claimant is ultimately likely to prevail, 'but whether the claimant is entitled to offer evidence to support the claims.'"[5]

There appears to be no disagreement that, if accepted as true (as they must be), the factual allegations in the FAC state a plausible claim for relief. Defendant cannot quite bring itself to admit that the FAC, taken on its own (again, as it must be), meets the applicable pleading standards, and instead hedges by stating that "[t]hese allegations *might* be enough to state a claim…."[6] However, with the exception of that small, defiant qualifier, at no point does the Motion suggest the FAC lacks

---

[3] *Simmons v. Pedroza*, No. 10-cv-821, 2011 WL 814551, at *1 (S.D.N.Y. Mar. 7, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[4] *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

[5] *Garneau v. Empire Vision Ctr., Inc.,* No. 1:09-CV-1078 LEK, 2010 WL 2680243, at *2 (N.D.N.Y. July 1, 2010) (quoting *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.,* 223 F.Supp.2d 435, 441 (S.D.N.Y.2001)) (internal citations and quotations omitted).

[6] ECF No. 31, p. 1 (emphasis added).

sufficient factual specificity, relies on conclusory allegations of law, or fails to provide Defendant with sufficient notice of the claims being brought against it. That *should* end the analysis. However, Defendant suggests that the Court can deviate from a fundamental principle of 12(b)(6) analysis—that factual allegations in a complaint are taken as true—and instead rely on extraneous evidence. Defendant is wrong. Now is not the time for Defendant to argue the merits of the case.

      **B.    The Extraneous Documents May Not be Considered by the Court in Considering Defendant's Motion to Dismiss**

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."[7] This includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."[8] "The Second Circuit has interpreted incorporation by reference to require 'a clear, definite, and substantial reference to the documents.'"[9] Therefore, "limited quotation of documents not attached to the complaint 'does not constitute incorporation by reference.'"[10]

If a document is not attached to the complaint as an exhibit or incorporated in the complaint by reference, it may only be considered in connection with a motion to dismiss if "the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[11]

---

[7]    *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[8]    *Chambers*, 282 F.3d at 152-53 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69,72 (2d Cir. 1995).

[9]    *Mohan v. City of New York*, 2018 WL 3711821, at *7 (S.D.N.Y. Aug. 3, 2018) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)) (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003)).

[10]    *DeLuca*, at 60 (quoting *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)).

[11]    *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) and holding that the district court erred in considering an email that was not relied upon by plaintiff in the complaint); *Chambers*, 282 F.3d at 152-53).

"Merely mentioning a document in the complaint will not satisfy this standard."[12] Further, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[13]

In support of its Motion, Defendant attaches a pay rate notice, two pay stubs, and a time log (the "Extraneous Documents").[14] None of these documents are attached to the FAC. None of these documents are mentioned in the FAC. The closest the FAC comes to referencing the Extraneous Documents is a general reference to Defendant's "books and records" being material to the NYLL Class's claims.[15] But such a general reference to documents does not come close to the "clear, definite, and substantial" reference required by courts to be "incorporated by reference" in this District and Circuit.[16] For example, in *Lawhorn v. Algarin*, the court held that certain documents were not incorporated by reference even though the complaint "explicitly referenced" the documents, included a "limited discussion of their content," and "cite[d] facts that [could] be found in the [documents]."[17] Clearly, the general reference in the FAC to a broad class of documents (Defendant's "books and records"), with no discussion of their contents, does not suffice.

---

[12]     *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)

[13]     *Id.* (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[14]     *Id.*, Exhibits A-D.

[15]     ECF No. 27 ¶ 75.

[16]     *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 124 (S.D.N.Y. 2010) (holding that implicit reference to email correspondence does not meet the "high bar courts have set" for incorporation by reference.); *Thomas v. Westchester County Health Care Corp.*, 232 F.Supp.2d 273, 276 (S.D.N.Y. 2002) (holding that a document briefly referenced in a single paragraph of the complaint was not incorporated by reference); *Deluca*, 695 F. Supp. 2d at 60 (holding that documents not referenced or quoted in complaint were not incorporated by reference); *Robinson v. Dep't of Motor Vehicle*, 2017 WL 2259767, at *7 (D. Conn. May 23, 2017) ("For a complaint to 'merely discuss[ certain] documents' does not constitute incorporation by reference.") (quoting *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989).

[17]     2018 WL 1046794, at *3 (W.D.N.Y. Feb. 26, 2018).

Because the Extraneous Documents were not incorporated by reference, they may only be considered if (1) the FAC "relies heavily" on them, rendering them "integral" to the FAC and (2) it is clear on the record that no dispute exists regarding the documents' authenticity or accuracy.[18] Here, contrary to Defendant's arguments, the FAC does not rely on the extrinsic documents that Defendant seeks to introduce. The fact that Defendant attempts to rely on these documents does not convert them into documents upon which Plaintiff bases her claims. Moreover, the FAC does not rely on the extraneous documents—heavily or otherwise—because Plaintiff's FAC refutes the information contained in those documents. While Defendant claims that the FAC "relies heavily upon the terms and effect of [Defendant's] payroll records,"[19] the Motion does not offer even a single example of such reliance.[20]

Defendant ignores that Rule 12(b)(6)'s fundamental purpose is to test the operative complaint's formal sufficiency "without resolving a contest regarding its substantive merits."[21] Because Defendant's Motion is based exclusively on extrinsic documents that are inappropriate for consideration at this stage of the proceeding, the Motion should be denied in its entirety.[22]

### C. The Court Should Not Convert the Motion to Dismiss into a Motion for Summary Judgment

---

[18] *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 235 (2d Cir. 2016) (holding that district court erred in considering online registration page in granting motion to dismiss where plaintiff disputed the accuracy and authenticity of the document); *Davis v. McCready*, 283 F. Supp. 3d. 108, 118 (S.D.N.Y. 2017) (noting that, even if a medical record was integral to the complaint, it could not be considered because the plaintiff disputed its accuracy); *Marlin v. City of New York*, No. 15-cv-2235 (CM), 2016 WL 4939371, at *8 (S.D.N.Y. Sept. 7, 2016) (holding that documents could not be considered in connection with motion to dismiss where plaintiff "questioned their authenticity and accuracy.").

[19] Mot. to Dismiss, p. 4.

[20] Because Defendant fails to point to any specific language in the FAC evidencing Plaintiff's reliance on the Extraneous Documents, Plaintiff is left to guess the basis (to the extent one exists) for Defendant's conclusory statement. As noted *supra*, Plaintiff's best guess is Paragraph 75 of the FAC, which notes that Defendant's "books and records…disclose the hours worked" by Defendant's employees. If Defendant is relying on that language, then it is worth pointing out the somewhat obvious fact that the Extraneous Documents do not comprise the entire universe of Defendant's records that would tend to show the number of hours worked by Defendant's employees, and in no way can Plaintiff's general reference to "books and records" be reasonably construed as an admission as to the accuracy of (or evidence of Plaintiff's reliance on) any particular document in Defendant's possession.

[21] *Sugar v. Greenburgh Eleven Union Free Sch. Dist.*, No. 18-cv-67 (VB), 2018 WL 6830865, at *5 (S.D.N.Y. Dec. 28, 2018).

[22] *Biondolillo v. Livingston Corr. Facility*, 2018 WL 3241693, at *4 (W.D.N.Y. July 3, 2018) (denying motion to dismiss where "Defendants' only argument for dismissal" is based on a document that may not be considered in a motion to dismiss.].

"[I]t is well established that 'summary judgment motions prior to discovery are disfavored.'"[23] For that reason, courts within this District and Circuit generally decline to convert a motion to dismiss into a motion for summary judgment when little to no discovery has occurred.[24] Further, as this Court has noted, whether or not it is appropriate to convert a motion to dismiss into one for summary judgment "turn[s] on 'whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.'"[25]

No discovery has taken place in this case, so Plaintiff has not had the opportunity to obtain documents and records from Defendant that would refute the facts set forth in the Extraneous Documents, nor have the Extraneous Documents been tested through deposition. This weighs heavily against conversion.[26]

As explained by the Western District of Pennsylvania in refusing to consider extraneous payroll and time record documents in refusing to dismiss a plaintiff's FLSA collective action claims:

> Here, Defendant improperly urges the Court to rely upon extrinsic documents when it cannot be fairly stated that Plaintiff's claims are based on those documents, rather than being documents on which Gulf Interstate's defense is based. It would be

---

[23] *Houlahan v. Raptor Trading Sys., Inc.*, No. 16 CIV. 9620 (PGG), 2018 WL 3231662, at *5 (S.D.N.Y. Feb. 12, 2018) (Gardephe, J.) (declining to convert motion to dismiss to a motion for summary judgment and granting plaintiff's motion to strike extraneous evidence where discovery had not yet occurred) (quoting *GMA Accessories, Inc. v. Croscill, Inc.*, No. 06 CIV. 6236 (GEL), 2007 WL 766294, at *1 (S.D.N.Y. Mar. 13, 2007).

[24] *Houlahan*, 2018 WL 3231662 at *5 (declining to convert motion to dismiss to a motion for summary judgment and granting plaintiff's motion to strike extraneous evidence where discovery had not yet occurred.); *Gersbacher v. City of New York*, 134 F. Supp. 3d 711, 720 n.4 (S.D.N.Y. 2015) (Woods, J.) (refusing to convert a motion to dismiss to a summary judgment motion where discovery had not occurred) (citing *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 421-22 (S.D.N.Y. 2013) (Koeltl, J.) ("Because the parties have not engaged in discovery and the plaintiff has not had the opportunity to gather and present evidence in opposition to the defendants' motion, the Court declines to convert the motion into one for summary judgment."); *Kouakou v. Fideliscare New York*, 920 F. Supp. 2d 391, 396 (S.D.N.Y. 2012) (Sullivan, J.) ("because discovery remains ongoing, the Court declines to convert Defendant's motion into a Rule 56 motion for summary judgment."); *see also Wajilam Exports (Singapore) Pte. Ltd. V. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006) (Lynch, J.) (electing not to convert motion to dismiss because "[t]here would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered.").

[25] *Bennett v. Wesley*, No. 11 CIV. 8715 (JMF), 2013 WL 1798001, at *2 (S.D.N.Y. Apr. 29, 2013) (Furman, J.) (quoting *Stephens v. Bayview Nursing & Rehab. Ctr.*, No. 07 CIV. 596 (JFB) (AKT), 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008).

[26] *See supra*, n.25.

inappropriate to consider the attached materials at the motion to dismiss stage without allowing Plaintiff to conduct discovery in order to adequately respond to said materials. Hence, the Court declines to convert Defendant's motion to one for summary judgment under Federal Rule of Civil Procedure 12(d). Defendant may renew its argument at the conclusion of discovery and on motion for summary judgment.

*Sloane v. Gulf Interstate Field Servs., Inc.,* No. CV 15-1208, 2016 WL 878118, at *4 (W.D. Pa. Mar. 8, 2016). The Court should follow the well-reasoned decision of the Western District of Pennsylvania here and deny Defendant's premature dismissal bid here as well.

### D. Granting Defendant's Motion will not Dispose of the Litigation

Even if the Extraneous Documents were accepted by the Court as being dispositive of Plaintiff's claims, the documents relate only to the named Plaintiff. The claims of the two opt-in Plaintiffs will continue. See ECF Nos. 4 and 12.

The FLSA provides that "[n]o employee shall be a party plaintiff to any such <u>action</u> unless he gives his consent in writing to become such a party and such consent is filed in the court in which such <u>action</u> is brought."[27] As explained by the Eleventh Circuit in *Prickett v. Dekalb County*:

> That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.[28]

Courts in this District and Circuit have come to the same conclusion regarding opt-in plaintiffs being full participants in an action.[29] Therefore, because the opt-in plaintiffs are co-equal participants in this

---

[27] 29 U.S.C § 216(b) (emphasis added).

[28] 349 F.3d 1294, 1297 (11th Cir. 2003).

[29] *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90 (S.D.N.Y. 2001) ("Section 216(b) gives [opt-in plaintiffs] the status of parties and, as parties, they should have the same rights as the named Plaintiffs to have all their related claims adjudicated in the same forum."); *Fengler v. Crouse Health Sys., Inc.*, 634 F.Supp.2d 257, 262-263 (N.D.N.Y. 2009) (Magistrate Judge's determination that opt-in plaintiffs must be limited to seeking damages for a single claim, rather than as to all claims asserted in the action, is clearly erroneous and contrary to law).

action and are not merely represented by the named Plaintiff,[30] dismissal of the named Plaintiff's claims—based on evidence which relates exclusively to the named Plaintiff—would have no bearing on the opt-in Plaintiffs' claims and would not facilitate the disposition of this action.[31]

## IV. CONCLUSION

For these reasons, Plaintiff requests that the Court deny Defendant's Motion to Dismiss the Amended Complaint.

Respectfully submitted,

*/s/ Travis Hedgpeth*
Douglas M. Werman
dwerman@flsalaw.com
Maureen A. Salas
msalas@flsalaw.com
WERMAN SALAS P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Ravi Sattiraju (N.Y. Bar No. 4053344)
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd., Suite 200
Princeton, NJ 08540
Telephone: (609) 799-1266
Facsimile: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com

Jack Siegel
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

---

[30] *Coan v. Nightingale Hoe Healthcare, Inc.*, 2006 WL 1994772, at *2 (S.D. Ind. July 14, 2006) ("The original plaintiffs are no longer representing the additional plaintiffs; they are all plaintiffs.").

[31] In another lawsuit brought in this District against Defendant for wage violations, in an attempt to deprive the plaintiff of the benefit of the tolling of the statute of limitations, Defendant argued that the plaintiff was required to file a new consent form to join a new FLSA sub-class, effectively arguing that the consent form covered particular claims, rather than the action as a whole. In rejecting that argument, the court specifically noted that it was the same argument that was attempted and rejected in *Prickett*. *Thind v. Healthfirst Mgmt. Servs., LLC*, No. 14-cv-9539 (LGS), 2015 WL 4554252, at *4 (S.D.N.Y. July 29, 2015) (Schofield, J.).

        Travis M. Hedgpeth
        Texas Bar No. 24074386
        THE HEDGPETH LAW FIRM, PC
        3050 Post Oak Blvd., Suite 510
        Houston, Texas 77056
        Telephone: (281) 572-0727
        Facsimile: (281) 572-0728
        travis@hedgpethlaw.com

        **Attorneys for Plaintiff and others similarly situated**

-11-

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF filing system.

*/s/* Travis M. Hedgpeth
Travis M. Hedgpeth
