UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALAAIKA LACARIO, on behalf of herself and all others similarly situated,

        Plaintiff,

        v.

HF MANAGEMENT SERVICES, LLC d/b/a HEALTHFIRST, INC.,

        Defendant.

Case No. 19-cv-04671-JMF

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Of Counsel:*
  Andrew P. Marks
  David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

HF Management Services, LLC ("Healthfirst") submits this reply memorandum of law in further support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's First Amended Class and Collective Action Complaint ("FAC") for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

The Court should dismiss the FAC because Plaintiff does not actually deny the accuracy or authenticity of the time and pay records supplied in support of this motion, and those records demonstrate the falsity of her claims. Plaintiff's time and pay records are integral to her complaint and may be considered when adjudicating this motion. Plaintiff alleges that Healthfirst's time and pay records as "material" to her claims. (FAC, ¶ 75) Further, at least one other court in this district has considered time records when adjudicating a motion to dismiss in a Fair Labor Standards Act ("FLSA") overtime case like this one, where the records reveal the falsity of the plaintiff's allegations. Here, Plaintiff alleges she was salaried and ineligible for overtime, but her time and pay records prove this is untrue; she was paid an hourly rate and was both eligible for, and paid, overtime. In short, dismissal is warranted when the asserted claims are based on a false premise, as they are here.

Plaintiff cannot save her complaint by bootstrapping two opt-ins who have made no allegations, much less plausible ones. It is well-settled that decertification of an FLSA collective action results in dismissal of any opt-ins, leaving them and the named plaintiffs to pursue their claims independently. Here, the Court has not certified this case as a collective action and it cannot do so with Plaintiff as the representative because her claims are not viable. Dismissal of her claims now must have the same effect as decertification and likewise leave the opt-ins to pursue their claims independently.

In short, Plaintiff's core allegations are patently implausible in light of the records referenced in the FAC and integral to those claims, and without the named plaintiff, the overtime claims cannot proceed and the FAC should be dismissed.

## ARGUMENT

### I. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT REFUTE THE ACCURACY OF THE RECORDS THAT SHOW SHE WAS INDEED ELIGIBLE FOR -- AND PAID -- OVERTIME WHEN SHE REPORTED WORKING MORE THAN FORTY HOURS IN A WORKWEEK

#### A. Plaintiff's Pay and Time Records Are Central and Integral to the FAC

Contrary to Plaintiff's contention, courts in this district do "consider extrinsic evidence, such as the [plaintiff's] timesheets, when deciding a motion to dismiss" claims of unpaid overtime. *Fridman v. GCS Computers LLC*, 2019 WL 1017534, at *3 (S.D.N.Y. Mar. 4, 2019). Consideration of those records is especially appropriate when "the time records are referenced in the Amended Complaint." *Id.* Here, Plaintiff premises her two class claims on the notion that she was wrongly paid a salary and no overtime. (*See* FAC, ¶¶ 36-40, 82-83, 89, 91, 95) She also alleges that "[t]he books and records of Defendant are material to the NYLL Class's claims *because they disclose the hours worked by each member of the NYLL Class and the rate of pay for that work*." (FAC, ¶ 75 (emphasis added)) As Plaintiff claims to be a member of the "NYLL Class" she seeks to represent, the records attached to Healthfirst's motion to dismiss, which show her pay rate and hours worked, are integral to the FAC. Plaintiff concedes that the Court may consider the records on this motion if there is no dispute over their authenticity or accuracy (Pl. Mem., p. 6). While Plaintiff claims they were not fully authenticated, nowhere in her opposition does she actually dispute their accuracy or authenticity. These records should therefore be considered when assessing the plausibility of Plaintiff's allegations. *See Fridman*, 2019 WL 1017534 at *4 ("Since the timesheet and the relevant time periods related thereto are

2

referenced in the Amended Complaint, the time records are central and integral to the Amended Complaint and should be considered with the Dismissal Motion." (citing cases)). *See generally Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (holding the court could have considered the deal documents referenced in the complaint on a motion to dismiss as "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim").

The late Judge Sweet's decision five months ago in *Fridman v. GCS Computers LLC*, *supra*, 2019 WL 1017534, is instructive. There, the plaintiff alleged, *inter alia*, that he "routinely and systematically worked a total of ten hours or more in excess of 40 hours per work week" and was not paid overtime, and cited some pay slips as examples. *Id.* at *1. When the employer moved to dismiss under Fed. R. Civ. P. 12(b)(6), it provided, as Healthfirst did here, the plaintiff's "timesheets for the pay periods identified in the Amended Complaint" to show the implausibility of the plaintiff's allegations. *Id.* at *3-4. Like here, the plaintiff did not challenge the authenticity or accuracy of those timesheets. Instead, he argued, as Plaintiff also does here, that the Court should ignore the records and consider just the allegations in his complaint. *Id.* at **3-4. The Court disagreed and dismissed the FLSA claims because the records "conclusively demonstrated that Plaintiff was paid properly for all overtime worked and that the allegations of unpaid overtime were based on a false premise."[1] *Id.* at *5. The same result is warranted here.

In this case, Plaintiff bases her overtime claims on the false premise that she was not paid an hourly rate and was not eligible for or paid overtime (FAC, ¶¶ 36-40, ¶¶ 82-83, 89, 91 and 95). However, the records integral to her claims confirm that she *was* paid an hourly rate, *was* eligible for overtime, and *was* paid overtime (*see* Dkt. Nos. 31-1 to 31-4). As in *Fridman,* the unchallenged records confirm the fallacy of Plaintiff's core premise. Plaintiff does not deny that

---

[1] There, the plaintiff based his overtime claims on a false premise of how his pay was calculated.

3

she acknowledged she would be paid an hourly pay rate and would be eligible for overtime pay (Dkt. No. 31-1, p. 2). Plaintiff does not deny that she was paid overtime in the pay period ending December 16, 2017 (Dkt. No. 31-2), contrary to her allegations that she was never paid overtime. Nor does Plaintiff – who makes no allegations of off-the-clock work – deny that she worked nowhere close to "at least 58 hours" the week of December 18 to 24, 2017, as alleged. *Compare* FAC, ¶ 35, *with* Dkt. No. 31-4 (time card for week of December 17 to 23, 2017).[2] Without challenging the accuracy or authenticity of any of these records,[3] Plaintiff asks the Court to ignore them and rely instead on her bald allegations, just as the plaintiff did in *Fridman*. However, her allegations are implausible in light of these records, just as they were as in *Fridman*. This is particularly evident in relation to how and what Plaintiff was paid during the only week specified in the FAC, "December 18 through 24, 2017" (FAC, ¶ 35), an allegation she added after Healthfirst's first motion to dismiss in a hollow effort to make her claims plausible.

The only FLSA case Plaintiff cites in her effort to stop the Court from considering these records, *Sloane v. Gulf Interstate Field Servs., Inc.*, 2016 WL 878118 (W.D. Pa. Mar. 8, 2016), is inapposite. There, the plaintiff alleged that he was paid a fixed amount per day, with no overtime, and that the defendant failed to keep accurate records of hours worked. *Id.* at *2. When the defendant moved to dismiss, it offered the plaintiff's criminal records, a letter he signed about his pay, plus his timesheets and paystubs. *Id.* at *3. The court declined to consider them because these were "documents on which Gulf Interstate's defense is based." *Id.* at *4.

---

[2] That workweek effectively ended on Friday, December 23, 2017, when Plaintiff left work at 3 pm for the impending holiday. Even assuming, *arguendo,* that Plaintiff worked on Saturday, December 24, which she does not claim, she would have had to work an unprecedented 21 hours that day to make up the difference between her recorded hours and her contrived allegations.

[3] Plaintiff says they are unauthenticated but does not actually dispute their authenticity. Nor does she claim they are in any way inaccurate.

4

Here, the records were not supplied to support Healthfirst's defenses. They were provided because they reveal the sheer falsity of Plaintiff's core allegations that she was a salaried employee who was never paid overtime because she was purportedly ineligible. (*See, e.g.,* FAC, ¶¶ 36-40, 50, 82-83, 89, 91, 95). The records show that Plaintiff was, in fact, paid an hourly rate (not a salary) plus overtime (*see* Dkt. Nos. 31-1 to 31-4). As she does not dispute the accuracy or authenticity of these records, the Court should consider them.

Should the Court decide to convert this motion into one for summary judgment, dismissal is still warranted. Plaintiff has supplied no evidence to substantiate her allegations, let alone refute the records that are integral to the FAC. There is no need to indulge Plaintiff's quixotic quest to find phantom documents that might possibly refute the pay records. She does not claim, as in the cases she relies upon (*see, e.g., Sloane, supra*) that the employer's records are inaccurate. On the contrary, she alleges that its records "are material," at least for determining the hours worked and rates of pay (FAC, ¶ 75). Nor has Plaintiff identified any documents that could possibly refute these records. This omission reveals the emptiness of her request for discovery and warrants denial should the Court convert this motion to one for summary judgment. *See Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (requiring that requests for discovery under Fed. R. Civ. P. 56(d) include, *inter alia*, a description of the particular discovery sought and an explanation of how it would preclude summary judgment); *see also Alphonse Hotel Corp. v. Tran*, 828 F.23d 146, 151 (2d Cir. 2016) (requiring more than an assertion that the defendant may have critical evidence). Plaintiff's contention that the records have not been "tested through deposition" is spurious because she does not deny the records' accuracy. Nor does she explain how a deposition could flip them into showing Plaintiff was paid a salary, as alleged, when they plainly show she was paid an hourly rate **plus overtime**.

5

Healthfirst should not be forced to incur the substantial costs of discovery in a putative class and collective action that is based on demonstrably false allegations. As the pay and time records are integral to Plaintiff's allegations and demonstrate the false premise of her claims, the Court should dismiss the FAC for failure to state plausible claims of unpaid overtime under the FLSA and New York Labor Law.

**B.   The Case Cannot Proceed Without the Named Plaintiff and Dismissal Will Not Impair the Two Opt-ins' Rights in the Absence of Class Certification**

Courts in this district have dismissed FLSA collective actions when the named plaintiff's claims are not viable, whether or not others opted in under 29 U.S.C. § 216(b). For example, in *Aleman v. Innovative Elect. Servs. L.L.C.*, 2014 WL 4742726, at *3 (S.D.N.Y. Sept. 15, 2014), the court dismissed the entire action, after several people opted in, because the named plaintiffs' claims had become moot. *Id.* It noted the "opt-in notices merely tolled the statute of limitations pending the Court's decision whether to certify a collective class action" and as "no collective class action has been certified, dismissal will not prejudice any opt-in plaintiffs." *Id.* (adding "they remain free to file their own actions for overtime compensation against defendants").

The right of an opt-in to join an FLSA collective action depends on the court's certification of that collective action.[4] If a collective action is not ultimately certified, the opt-ins typically will be dismissed. *See Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2018) ("When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs."); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (stating that if a court decertifies a collective action, "the opt-in plaintiffs' claims may be dismissed without

---

[4] The cases Plaintiff relies upon are in accord. *See, e.g., Fengler v. Crouse Health Sys., Inc.*, 634 F.Supp.2d 257, 263 (N.D.N.Y. 2009) (finding it erroneous, after class certification, to state in the court-approved opt-in consent form that opt-ins would join the FLSA claim only); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90, 96 (S.D.N.Y. 2001) (certifying a state-law class and noting in dicta that opt-ins to the FLSA collective will also be in the state-law class).

6

prejudice"); *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (affirming decertification of an FLSA collective action, dismissal of the opt-ins, and severance of the named plaintiffs into separate, individual actions).

This case has not been certified as a collective action, much less a class action. Dismissal of Plaintiff's claims at this early juncture will therefore dispose of the entire litigation. Such dismissal will not prejudice the two opt-ins, both of whom recently filed their consent forms in late May 2019 (Dkt. Nos. 4, 12). At least one of them is represented by Plaintiff's counsel[5] and both remain free to assert their claims independently.

Plaintiff cannot proceed as the representative of her collective action if her own claims fail. To the extent Plaintiff argues that these two opt-ins are already co-plaintiffs, the FAC does not name them, assert allegations specifically applicable to either of them, or assert plausible claims on their behalf. The requirement in this Circuit that plaintiffs plead "plausible FLSA overtime claim[s]" extends to all plaintiffs, not merely some of them. *See Kearse v. City of New York*, 2018 WL 2059658, at *2 (S.D.N.Y. May 1, 2018). While *Kearse* addressed the failure of some of the named plaintiffs to assert plausible claims, the principle applies equally here. As this Court noted in *Kearse,* "other judges in this district have held in similar circumstances, *Iqbal, Twombly,* and *Lundy*[6] require more" than just "'me too' [allegations] in conclusory fashion." *Id.* (citing cases).

In this case, there are two opt-ins and both opted in before Plaintiff filed her FAC. Yet, the FAC makes no factual allegations particular to either of them and any allegations on their behalf are, at best, conclusory. *See, e.g.,* FAC, ¶ 83 ("Defendant paid other Collective Action

---

[5] *See* Dkt. No. 12 ("…I choose to be represented by The Hedgepeth Law Firm PC, the Siegel Law Group, PLLC, Werman Salas P.C. ….").

[6] *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).

Members a salary and no overtime compensation when they worked more than forty (40) hours in one or more individual workweeks."), ¶ 85 ("Defendant violated the FLSA by failing to pay overtime compensation to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks."). As Plaintiff filed their opt-in notices in May 2019, over a month before she filed her FAC on July 10, 2010, she could have included allegations specific to the two opt-ins.  She chose not to do so, and does not seek to do so now.  (That may well be because, like Plaintiff, the opt-ins were also paid an hourly rate plus overtime.)  To the extent Plaintiff argues their claims do not depend on the viability of her claims, their claims cannot proceed without factual allegations that render them plausible, as required by *Iqbal, Twombly,* and *Lundy*.

When, as here, the plaintiff's claims are predicated on and refuted by the records she alleges to be "material," the claims are not plausible and the complaint must be dismissed.  The unchallenged records show that Plaintiff was paid an hourly rate (not a salary) plus overtime, and that she did not report working any overtime hours in the only week specified in the FAC.  The implausibility of Plaintiff's claims in light of the records integral to those claims compels dismissal of the case.  It cannot continue without the named plaintiff just because two people filed opt-in notices with "zero allegations to support them."  *Kearse*, 2018 WL 2059658, at *2.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the First Amended Class and Collective Action Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.

Dated: August 19, 2019
   Rye, New York

Respectfully submitted,

/s/ Andrew P. Marks
Andrew P. Marks
David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com